*504 It is the course of the court to hear the argument on the merits, on the motion for the rehearing.
The cause was argued on the motion for a rehearing before Chancellors Rutledge and James.
That with respect to the supine neglect charged against the executor, it was not so made out in proof as should induce the court to depart from the accounts, which was the only regular mode of settlement, and to assume an arbitrary rule, charging the executors with a fixed annual sum for each worker, without any proof that so much had been made. But that-in fact such charge of negligence souiided in damages, tvhichwere not within the jurisdiction of the court; but was triable at law, where other defences, and even the statute of limitations could have been set up in defence; Thai in the case of Mayrant v. the Executor of Nelson, no accounts were kept, and the court was obliged to resort to an arbitrary rule.
Mr, Desaússuee and Mr. Parker, argued for the defendants,
and contended that the gross negligence in the management of the estate was sufficiently made out by Col. Doyley’s testimony. And that where it appeared to the court that gross negligence had existed, so that much less had been made, than might be expected from reasonable diligence, there the court had a right to give redress in some way or other. And there appeared to be no other way so correct as the rule adopted by the court in the case of Mayrant v. the Executor of Nelson, ánd in other subsequent cases, to fix on a reasonable sum, such as might be considered the average product of the labourer, in the cultivation of the soil, and to charge the executor with that. And that there was really no substantial difference between cases where no accounts were kept and filed by the executor, and where they were so imperfect that no reliance could be placed on them. In either case, the court ought in justice to the children of the testator, to resort to the other standard, which was a fair and moderate one. That the objection that complainant rested altogether on his allegation of.gross laches in the management of the estate, which sounded in damages, was unfounded; for though this wa's-urged and relied on, yet the complainant insisted on the incorrectness of the accounts, and the presumption that every thing was not accounted for, • arising from the executors 0g-crs 0f tj¡e rjce 0f tj,e estate in payment of his own debts, and from other circumstances which were proved.
That this sort of neglect in accounting did not sound in damages so as to require an issue at law, for wherever an executor acted improperly, this court could make him accountable and liable.
Suppose he sold negroes of other property of the estate, and gave no credit for the price, surely, though it might be.said this sounded in damages, this court could give relief. Suppose he neglected to sue and recover'good debts due to the estate, he could be-made accountable for this gross negligence ; and so in a thousand other- instances. Nor could the'legatees of Mr. Webb have maintained a suit at law against the executor. There is no example of such suit brought or sustained at law. The utmost that could be done, where this court could not give redress,'1 would be to direct an issue, but retain the cause.
The accounts actually filed by this executor were imperfect, for corrections and additions had been made during the examination. The court had therefore done right in abandoning them, as not sufficiently accurate to be relied upon; and in resorting to a reasonable standard of productive field labour, and charging the executor with that sum. That this imperfection in the accounts did not result from the loss of papers relative to the estate, for though the executrix proved the burning of the house of testator, yet he himself, when he filed his answer, before his death, made no pretence or allegation of the loss of any papers.
That with respect to the comparison so ingeniously made by the defendants counsel, between the sums made by the testator Mr. Webb, and the executor, it was the result of the higher prices got for rice by the executor after the revolutionary war, than those obtained by the testator before the war. That the price obtained was not the true standard, but the quantity of rice made by each on the same lands and. with nearly the same labourers. That by this standard the difference was clearly and greatly against the executor. Besides, the testator made much by lum- . ber; the executor nothing.
Chancellor James
afterwards delivered. the decree of the court.
On the Petition for a rehearing, in the interlocutory order made in this case upon which a rehearing is now prayed, it is stated among other matters, that upon the charge of gross neglect made by complainants against Edmund Bellinger, deceased, the complainants gave evi» dence of the crops made by the testator, Benjamin Webb, deceased, for six years preceding his death, and'of the crops made on a plantation in the neighbourhood by the executors of Austin; and from a comparison' of these with the crops made by Edmund Bellenger for the estate of Webb, endeavoured to draw an inference that Bellinger, the executor, was guilty of such gross negligence as to make him liable either for the alleged deficiency, or for the hire of the negroes. But the 'evidence in neither view affords a satisfactory guide to the court. After making some observations upon the .evidence both of the complainants and defendant, it is further stated' in the said decretal order, “ that under this view of. the case, the court are left in a state of uncertainty, for while on the one hand, we profess ourselves not to be satisfied with the comparison offered to us, on the other, we are not altogether content with the crops which have been made by Mr. Bellinger. Therefore being thus situated, we think it will be most safe to resort to the general rule, formerly adopted in the case of Mayrant against the executor of Nelson, and to allow the complainant negro hire.” Now, as the case was made out at the close of the former argument, the court was led to think there would be little difference between the sum usually allowed for negro hire, and the sum arising from the crops made by Mr. Beilin- *508 ger, And as the evidence on the part of complainants was-by no means conclusive, and the crops made by the executor were very ordinary, it was deemed most safe tq resort to the rule before recited.
At the former hearing, though the counsel for the de«-fendant exercised much ingenuity, yet they did not enter into such clear calculations as at present. And this case depends much upon the clearness of calculation. Those statements now offered, and which are admitted by complainants counsel to be generally correct, have enabled the court to form a more correct opinion in the case. At present it appears that the amount of negro hire will be considerably more than the proceeds of the crops made by Mr. Bellinger; and although the court are not yet contented with those crops, still they think that before complainants ought to recover any more, than the amount of them, they ought to shew eithc ¡ that the executor wasted the estate, or that his accounts were false, or else that he was guilty of gross negligence.
But it has not been attempted to falsify the account?, neither has a devastavit nor gross negligence been proved! Complainants have proved Mr. Bellinger to have been abad planter ; but he was chosen by Mr. Webb to be hi? executor, who could hardly be ignorant of that circumstance, for they were near neighbours. He might have preferred his moral to his agricultural qualifications ; but this is of little moment, he was the object of his choice, the person appointed by himself to manage. And if he did that uprightly, but yet without, exercising superior judgment, this court wjll not interfere, so as to mulct his representatives. Were executors to be rigorously proceeded against, no good man would accept the office. None but the cunning or the bad man, who conceived that he had dexterity enough to defraud or to evade the law, would qualify and act as such. The court should therefore be careful not to make'executors responsible, except, for wasting the property'of testator, false accounts, 05 *509 gross negligence. But neither of these have been proved to the satisfaction, of the court in this case.
Therefore let the former order be reversed. And as the master hath not yet reported on the accounts, let it be * A ' referred back to him to state them, and to report upon the same.